UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRENT SMITH and TODD SMITH,

        Plaintiffs,

v.                                       Case No.  8:07-cv-1140-T-24 MSS

MARTIN PURE, ET AL.,

        Defendants.

_____/

## ORDER

     This cause comes before the Court on Plaintiffs' motions for entry of default against Defendants Martin Pure and Green Sparkle Ltd.  (Doc. No. 20, 21).  The Court denied without prejudice Plaintiffs' prior motions for entry of default and directed Plaintiffs to submit a short brief showing that service is proper if they attempted to move for entry of default again.  (Doc. No. 25).

     Plaintiffs again move for entry of default on the same facts:  The Affidavits of Service show that Plaintiffs attempted to serve Mr. Pure (for himself and for Green Sparkle, Ltd.) by posting the summons and complaint at 726 Bay Esplanade.  When service was attempted there, the process server was informed that Beverly and Pat Gallagher now live there and that Mr. Pure resides in China and only receives his mail at 726 Bay Esplanade.  Plaintiffs have set forth evidence that shows that Mr. Pure may still reside at 726 Bay Esplanade, but the process server did not personally serve Mr. Pure or someone else who was at least 15 years old that resided at that residence.  Instead, the process server *posted* the summons and complaint at 726 Bay Esplanade.  The Court finds that the attempted service in this case is not proper service.

The Court notes that Plaintiffs have cited a case that states: "A defendant's 'refusal to open the door does not invalidate plaintiff's service.  Personal service need not be face to face or hand to hand.'" Microsoft Corp v. Silver Eagle Computers, Inc., 2006 WL 3391229, at *2 (M.D. Fla. November 22, 2006)(quoting Villanova v. Solow, 1998 WL 643686, at *2 (E.D. P.a. Sept. 18, 1998)).  Plaintiffs' reliance on that case is misplaced.  This is not a situation where a defendant refused to accept service and the process server left the documents in front of the defendant; rather, the process server posted the summons and complaint at an address at a time when the defendant to be served did not know that it was happening.  As such, the Court cannot presume that Mr. Pure was given proper notice of the lawsuit that was filed against him.

Accordingly, the Court denies the motions for entry of default.  If Plaintiffs fail to serve Defendants Pure and Green Sparkle by October 30, 2007 and file proof of service by November 2, 2007, the Court will dismiss Plaintiffs' claims against them without prejudice for failure to serve these defendants within 120 days.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' motions for entry of default against Defendants Martin Pure and Green Sparkle Ltd. (Doc. No. 20, 21) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of October, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

2